**IN THE UNITED STATES DISTRICT COURT IN THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VONDA PEARSON AS ADMINISTRATRIX OF THE ESTATE OF CORNELL D. PEARSON<br><br>Plaintiffs,<br><br>vs.<br><br>MARPLE TOWNSHIP<br>227 S. SPROUL ROAD<br>BROOMALL, PA 19008<br><br>-AND-<br><br>MARPLE TOWNSHIP POLICE DEPARTMENT<br>1001 SUSSEX BLVD<br>BROOMALL, PA 19008<br><br>-AND-<br><br>CHIEF BRANDON M. GRAEFF<br>INDIVIDUALLLY AND IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE MARPLE TOWNSHIP POLICE DEPARTMENT<br>1001 SUSSEX BLVD<br>BROOMALL, PA 19008<br><br>-AND-<br><br>LT. FRANK HANNIGAN,<br>INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE MARPLE TOWNSHIP POLICE DEPARTMENT<br>1001 SUSSEX BLVD<br>BROOMALL, PA 19008<br><br>-AND-<br><br>LT. SEAN HANNIGAN,<br>INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE MARPLE TOWNSHIP POLICE DEPARTMENT<br>1001 SUSSEX BLVD<br>BROOMALL, PA 19008<br><br>-AND-<br><br>OFFICER DAVID LERRO<br>INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE MARPLE | CASE NO.: 2:23-cv-4444<br><br><br>COMPLAINT |

## COMPLAINT

Plaintiff, Vonda Pearson, as Administratrix of the Estate of Cornell D. Pearson, deceased (hereinafter referred to as "Mr. Pearson"), by and through her undersigned counsel, complains and requests relief against Marple Township, Police Officers of the Marple Township Police Department, Police Department, David Lerro, Raymond Stiles, Morgan (Ditmer) Green, Detective Joseph McGettigan, Sergeant Nicholas Coffin, Lieutenant Frank Hannigan, Lieutenant Sean Hannigan, Chief Brandon Graeff and John Doe 1 through John Doe 15 and Jane Doe 1 through Jane Doe 15, and avers as follows:

## PRELIMINARY STATEMENT

1. This civil rights action is a virtual facsimile of the seminal Third Circuit case, *Kneipp v. Tedder*, 95 F.3d 1199, 1208 (3d Cir. 1996), which established the state created danger cause of action under 42 U.S.C. § 1983 when police officers detain and then abandon highly intoxicated citizens in life-threatening situations.

2. In *Kneipp*, police officers left a highly intoxicated woman to walk home alone in the cold and she fell suffering hypothermia leading to brain damage.[1]

3. Police officers detained a woman, whose blood alcohol content was .25 and then released her to walk home alone in the cold.

4. During her walk, she fell and suffered hypothermia and brain damage. *Id*.

5. The facts in this case are nearly identical to that in *Kneipp*—except they are much worse.

6. Unlike in *Kneipp* where the plaintiff was detained because she caused a disturbance while walking on a highway, Cornell D. Pearson was visibly intoxicated while he

---

[1] In *Kneipp*, Joseph and Samantha Kneipp were stopped for causing a disturbance while walking along a highway intoxicated.

waited in a Marshall's parking lot for his girlfriend's shift to end.

7. On November 13, 2021 at approximately 7:21 p.m., Marple Township Police officers responded to reports of a suspicious person call of a black male looking into vehicles in the parking lot.

8. Marple Township Police Officer, David Lerro, found Pearson and instead of letting him wait for his girlfriend to drive him home, transported him to a bus stop on West Chester Pike.

9. Officer Lerro left a highly intoxicated Pearson, with a blood alcohol concentration of .238, on a 40-mph, four-lane highway separated by a grass median strip, on a cold dark night.

10. While Pearson can be heard speaking with slurred, jumbled, and incoherent speech on the dashboard camera audio, Officer Lerro nonetheless abandoned him at the bus stop.

11. Officer Lerro is not even a half a block away when he heard "a loud thud behind" him as Mr. Pearson is fatally struck by an SUV at 8:06 p.m.

12. Mr. Pearson was pronounced dead at 8:59 p.m.

13. Had the Marple Township exhibited the slightest effort to protect Pearson's civil rights, this never would have happened.

14. Plaintiffs bring this action for money damages brought under 42 U.S.C. §§ 1983, 1985, and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, concerning the actions of Marple Township, Marple Township Police Department, Marple Township Police Officers, David Lerro, Raymond Stiles, Morgan Ditmer Green, Detective Joseph McGettigan, Sergeant Nicholas Coffin, Lieutenant Frank Hannigan, Lieutenant Sean Hannigan Chief Brandon Graeff and John Doe 1 through John Doe 15 and Jane Doe 1 through Jane Doe 15, who are unidentified Marple Township Police Department police officers, criminal investigation detectives, and/or other employees of the Marple Township and/or Marple

Township Police Department (whose identities are currently known by Defendants but unknown by Plaintiff) in their individual and official capacities as police officers, in placing, Cornell D. Pearson in a dangerous situation that lead to a violation of his constitutional right to life.

15. The instant action is brought against all Defendants identified herein for committing acts under color of law which deprived Plaintiff's Decedent, Cornell D. Pearson, of rights secured under the Constitution and laws of the United States and the Constitution and laws of the Commonwealth of Pennsylvania.

16. The instant civil action also seeks damages against the Defendants for intentional wrongdoing and Reckless Indifference to citizens' rights.

17. Defendants, Marple Township, Marple Township Police Department, Chief Graeff, Lieutenant Frank Hannigan, Lieutenant Sean Hannigan, Detective McGettigan, and Sergeant Coffin created and enforced inadequate training programs for handling intoxicated persons, were deliberately indifferent to the inadequacy of the training programs for handling intoxicated persons, which caused the indifference of Police Officers, Stiles, Lerro, and Ditmer to Mr. Pearson's intoxication and need for assistance.

18. Defendants, Marple Township Police Officers, David Lerro, Raymond Stiles, Morgan Ditmer, and John Doe 1 through John Doe 15 and Jane Doe 1 through Jane Doe 15, transported a visibly intoxicated and incoherent Mr. Pearson from the Marshall's parking lot on 400 S. State Road, Springfield, Pennsylvania to a bus stop on West Chester Pike, just past the intersection with Sproul Road, in Marple Township, Pennsylvania, a four-lane major highway, where he was fatally struck and killed by a motor vehicle less than seven minutes after being left there by Officer Lerro.

**STATEMENT OF JURISDICTION**

19. The Court has federal subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1988 and arise under the laws of the United States.

20. Venue is proper in the Eastern District of Pennsylvania because Plaintiff's claims arise primarily from unlawful conduct occurring in Philadelphia, Pennsylvania.

**PARTIES**

21. Plaintiff, Vonda Pearson, Administratix of the Estate of Cornell D. Pearson, is an adult individual and citizen of the United States of American and a resident of the Commonwealth of Pennsylvania residing at 1136 South 60th Street, Philadelphia, PA 19143.

22. Decedent, Cornell D. Pearson was an adult individual and a citizen of the United States of America and a resident of the Commonwealth of Pennsylvania residing at 1136 S. 60th Street, Philadelphia, PA 19143.

23. Defendant Marple Township is a township located in Delaware County, Pennsylvania United States, and is incorporated under the laws of the Commonwealth of Pennsylvania which provides municipal and governmental services to the residents of Broomall, Springfield, Media, Larchmont and Newtown counties. Defendant Marple Township at all times relevant and material hereto owned, operated, directed, and controlled the Marple Township Police Department and its employees, including Police Officer David Lerro, Police Officer Raymond Stiles, Lieutenant Frank Hannigan, Lieutenant Sean Hannigan, and Sergeant Nicolas P. Coffin.

24. At all times relevant and material thereto, Marple Township acted through its agents, ostensible agents, apparent agents, officers, police officers, clerks, municipal employees, supervisors, secretaries, and staff.

25. Defendant Brandon Chief was at all times Chief of the Marple Township Police Department where he currently serves in the same capacity as Lieutenant with the Marple Township Police Department with a business address of 1001 Sussex Boulevard Broomall, PA 19008.

26. Defendant Graeff is being sued individually and in his official capacity as Chief of the Marple Township Police department pertinent hereto.

27. Defendant Frank Hannigan is being sued individually and in his official capacity as a Lieutenant of the Marple Township Police department pertinent hereto.

28. At all times relevant and material hereto, Defendant Frank Hannigan was responsible for the administration and records keeping review, customs, procedures, and practices of the Marple Township Police Department.

29. Defendant Sean Hannigan is being sued individually and in his official capacity as a Lieutenant of the Marple Township Police department pertinent hereto.

30. At all times relevant and material hereto, Defendant Sean Hannigan was responsible for the administration and records keeping review, customs, procedures, and practices of the Marple Township Police Department.

31. Officer David Lerro was at all times relevant and material hereto a police officer of and for the Marple Township Police Department who at all times pertinent hereto acted under color of state law.

32. Defendant Lerro is being sued in his individual capacity and in his official capacity as the agent, servant, and/or employee of Defendant Marple Township Police Department and Marple Township.

33. Officer Raymond Stiles was at all times relevant and material hereto a police officer of and for the Marple Township Police Department who at all times pertinent hereto acted

under color of state law.

34. Defendant Stiles is being sued in his individual capacity and in his official capacity as the agent, servant, and/or employee of Defendant Marple Township Police Department and Marple Township.

35. Officer Morgan Ditmer was at all times relevant and material hereto a police officer of and for the Marple Township Police Department who at all times pertinent hereto acted under color of state law.

36. Defendant Ditmer is being sued in his individual capacity and in his official capacity as the agent, servant, and/or employee of Defendant Marple Township Police Department and Marple Township.

37. Detective Joseph McGettigan was at all times and material hereto a detective of and for the Marple Township Police Department who at all times pertinent hereto acted under the color of state law.

38. Defendant McGettigan is being used in his individual capacity and in his official capacity as the agent, servant, and/or employee of Defendant Marple Township Police Department and Marple Township.

39. Sergeant Nicolas Coffin was at all times pertinent hereto a police officer for the Marple Township Police Department who at all times pertinent hereto acted under color of state law.

40. Defendant Coffin is being sued in his individual capacity and in his official capacity as the agent, servant, and/or employee of Defendant Marple Township and Defendant Marple Township Police Department

## THE FACTS

41. The primary duty of Marple Township Police Officers is to preserve human life.

42. Defendants know that West Chester Pike is a major four-lane highway separated by a grass median with busy traffic flow.

43. Defendants know that someone in a visibly intoxicated state should not be left in public on a busy highway.

44. Defendants know that the safety of the suspect must be a primary consideration for Marple Township Police Officers when confronting public intoxication and offering police transports.

45. On the evening of November 13, 2021 at 19:21 (7:21 p.m.), Marple Township Police Officers, Stiles, Lerro, and Ditmer, were dispatched to Marshall's at 400 S. State Road, for the suspicious person call of a black male looking into vehicles in the parking lot.

46. Upon arrival they encountered Cornell D. Pearson, who was visibly intoxicated, waiting in the Marshalls' parking lot for his girlfriend to finish working her shift at Marshalls that evening.

47. There is no indication in the Incident Report that any sobriety testing was done with Mr. Pearson.

48. There is no indication in the Incident Report that Mr. Pearson was being arrested for any reason.

49. Officers Stiles, Lerro, and Ditmer would not permit Mr. Pearson to stay in the Marshalls' parking lot and wait for his girlfriend as intended, so Mr. Pearson requested a ride to his home in Philadelphia.

50. Officers Stiles, Lerro, and Ditmer declined to take Mr. Pearson home.

51. Though Mr. Pearson was not being arrested or detained, he was transported by Officer Lerro, with the direction and/or approval of Officer Stiles, to the bus station on West

Chester and Sproul Road so that he could then get a second bus to 69th Street that would then take him to Philadelphia.

52. Officers Stiles, Lerro, and Ditmer knew that Mr. Pearson was visibly intoxicated.

53. There is dashboard camera audio of the transport where Mr. Pearson is slurring, mumbling, and speaking incoherently, repeatedly asking Officer Lerro where he is taking him, that he wants to go home to Philadelphia, and that his girlfriend is going to mad that he is not waiting for her at the Marshall's parking lot.

54. Despite Mr. Pearson's highly intoxicated and vulnerable condition, Officer Lerro leaves him at a bus stop in the middle of West Chester Pike, a busy, 40-mph, four-lane highway separated by a grass median, on a cold, dark, evening in November.

55. Officer Lerro leaves Mr. Pearson at the bus station at 19:59 (7:59 p.m.) and begins to pull away.

56. Officer Lerro is barely a couple blocks away when he hears "a loud thud behind" his vehicle at 20:06 (8:06 p.m.), less than seven minutes after leaving Mr. Pearson at the bus station.

57. Officer Lerro made a U-Turn and observed Mr. Pearson face down on the grass median unresponsive.

58. The loud thud Officer Lerro heard was Mr. Pearson being fatally struck by an SUV as he attempted to cross West Chester Pike.

59. Mr. Pearson was transported by EMS to Lankenau Hospital in critical condition and pronounced dead at 20:59 (8:59 p.m.).

60. The toxicology report established that Mr. Pearson had a blood alcohol concentration level of .238 at the time of his death, which is almost three times the legal limit of

.08 permitted for driving while under the influence.[2]

61. Officers Stiles, Lerro, and Ditmer knew that Mr. Pearson was highly intoxicated and recklessly left him at a bus station in the middle of a major, four-lane highway with a 40-mph speed limit, separated by a median, knowing he would be more likely to step into the roadway and be fatally struck and killed than someone who was not in his intoxicated state.

62. The training programs for handling intoxicated persons at Marple Township and Marple Township Police Department, created and enforced by Chief Graeff, Lieutenant Frank Hannigan, Lieutenant Sean Hannigan, Detective McGettigan, and Sergeant Coffin, were inadequate. Defendants were deliberately indifferent to the inadequacy of the training programs for handling intoxicated persons, which caused the indifference of Police Officers, Stiles, Lerro, and Green (Ditmer) to Mr. Pearson's intoxication and need for assistance resulting in his horrific and untimely death at 56 years old.

## COUNT I
## DEPRIVATION OF RIGHTS PURSUANT TO
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983
## PLAINTIFFS V. ALL DEFENDANTS

63. Plaintiff incorporates by reference paragraphs 1-63 of this Complaint, as though the same were fully set forth at length.

64. At all times relevant herein, the Defendants were "persons" within the meaning of 42 U.S.C. § 1983.

65. At all times relevant herein, the Defendants were acting "under color of state law" pursuant to 42 U.S.C. § 1983.

66. Defendants, Marple Township, Marple Township Police Department, Chief Graeff, Lieutenant Frank Hannigan, Lieutenant Sean Hannigan, Detective McGettigan, and

---

[2] According to the National Highway traffic safety Administration (NHTSA) nearly all drivers are impaired at .08 BAC.

Sergeant Coffin created and enforced inadequate training programs for handling intoxicated persons.

67. Defendants, Marple Township, Marple Township Police Department, Chief Graeff, Lieutenant Frank Hannigan, Lieutenant Sean Hannigan, Detective McGettigan, and Sergeant Coffin were deliberately indifferent to the inadequacy of the training programs for handling intoxicated persons.

68. The deficiency in the training programs for handling intoxicated persons caused the indifference of Police Officers, Stiles, Lerro, and Ditmer to Mr. Pearson's intoxication and need for assistance resulting in Mr. Pearson's horrific and untimely death at 56 years old.

69. Police Officers, Stiles, Lerro, and Ditmer knew that Mr. Pearson was highly intoxicated and knew that placing Mr. Pearson, in a highly intoxicated state, at a bus station located in the middle of a major, four lane highway with a 40-mph speed limit, separated by a grass median, he was more likely to step into the highway and be fatally struck than someone who was not in his state of intoxication.

70. Police Officers, Stiles, Lerro, and Ditmer, acted in willful disregard for the safety of Mr. Pearson when they transported him to and left him at a bus station located in the middle of a major, four lane highway with a 40-mph speed limit, separated by a median, in his state of intoxication.

71. Mr. Pearson would not have been at the bus station on West Chester Pike and able to walk across the highway in his state of intoxication, had Officers, Stiles, Lerro, and Ditmer not arranged for and transported him to that location.

72. Mr. Pearson would not have been fatally struck and killed by the SUV if it was not for the conduct of Defendants.

73. As a direct and proximate result of the misconduct of the Defendants, Mr. Pearson was fatally struck and killed.

74. The conduct of the Defendants, as set forth above, in transporting and leaving Mr. Pearson at a bus station on West Chester Pike, located in the middle of a major, four lane highway with a 40-mph speed limit, separated by a median, in a state of intoxication was done under color of state law, and was intended to harm Mr. Pearson.

75. The Defendants' conduct was savage, inhumane, reckless and deliberately indifferent to the safety, bodily integrity, well-being, privacy, life, liberty, and civil rights of Cornell D. Pearson.

76. The conduct of the Defendants, as set forth above, was committed in conscious disregard of the substantial and/or unjustifiable risk of causing harm to Cornell Pearson and was so egregious as to shock the conscience.

77. The Defendants' policies, practices, and/or customs in creating and enforcing inadequate training programs for handling intoxicated persons and being deliberately indifferent to the inadequacy caused Mr. Pearson to be left at a bus station on West Chester Pike, on a Saturday evening in November, on a busy, four lane highway with a 40-mph speed limit, separated by a median, in a state of intoxication where he was fatally struck and killed.

78. The conduct of the Defendants, as set forth above, in transporting and leaving Cornell Pearson, at a bus station on West Chester Pike located in the middle of a busy, four lane highway in a state of intoxication violated Mr. Pearson's constitutional rights guaranteed by the and Fourteenth Amendments to the United States Constitution, and as remediable pursuant to 42 U.S.C. §1983.

79. As a direct and proximate result of the violations of Cornell D. Pearson's civil rights, he was caused to suffer grievous physical injuries and losses as set forth above and herein.

**WHEREFORE**, Plaintiff, Vonda Pearson, as Administratrix of the Estate of Cornell D. Pearson, Deceased demand judgment against all Defendants, individually and/or jointly and severally, for compensatory and punitive damages in excess of $150,000.00 and local arbitration limits, together with interest and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that:

a. This Court grant Plaintiff compensatory damages according to proof.

b. This Court grant Plaintiff nominal damages.

c. This Court grant Plaintiff punitive damages.

d. This Court award Plaintiff attorney's fees, costs, and expenses related to this action.

e. This Court grant injunctive relief to correct government procedure to prevent future injury.

f. This Court award Plaintiff all such other relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial.

Respectfully submitted,

/s/ Alaina A. Gregorio
Joseph L. Messa, Jr., Esquire
Alaina A. Gregorio, Esquire
MESSA & ASSOCIATES, P.C.
123 South 22nd Street
Philadelphia, PA 19103
Telephone: (215) 568-3500

Facsimile: (215) 568-3501

Dated: November 12, 2023