## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VONDA PEARSON,** *as administratrix of the* | : | |
| *estate of Cornell D. Pearson,* | : | **CIVIL ACTION** |
| | : | **No. 23-4444** |
| **v.** | : | |
| | : | |
| **MARPLE TOWNSHIP, et al.** | : | |

## <u>ORDER</u>

This 6th day of February, 2024, upon consideration of the parties' submissions, Defendants' Motion to Dismiss (ECF 14) is **GRANTED in part** and **DENIED in part** as follows:

1. The Motion is **GRANTED** as to the Marple Township Police Department.[1]

2. The Motion is **GRANTED** as to all individual defendants *in their official capacities*.[2]

---

[1] A section 1983 claim against a police department, as a sub-unit of a municipality, is construed as a claim against the municipality itself. *See Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability."); *Jackson v. Rosen*, No. 20-2842, 2020 WL 5095497, at *4 (E.D. Pa. Aug. 28, 2020) (dismissing the Marple Township Police Department on this basis). Here, the defense does not contest that the Complaint states a claim against Marple Township.

[2] "State officers sued for damages in their official capacity are not 'persons' for purposes of [a section 1983] suit because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 27 (1991) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *see also Palakovic v. Wetzel*, 854 F.3d 209, 226 n.20 (3d Cir. 2017) (dismissing "official capacity" 1983 claims).

3.  The Motion is **GRANTED** as to Defendants Brandon Graeff, Frank Hannigan, Sean Hannigan, Joseph McGettigan, and Nicholas Coffin *in their personal capacities*.[3] Dismissal is without prejudice and Plaintiff may amend the Complaint if she can plausibly, consistent with Fed. R. Civ. P. 11, plead specific facts alleging these Defendants' personal involvement in the alleged violation of Mr. Pearson's constitutional rights.

4.  The Motion is **DENIED** as to Defendants David Lerro, Raymond Stiles, and Morgan Ditmer *in their personal capacities*. Plaintiff has supplied sufficient evidence of proper service upon Defendants Lerro and Ditmer to avoid dismissal under Fed. R. Civ. P. 12(b)(5). And although it is a close question, by virtue of their alleged involvement in the decision-making process, the Complaint sets forth facts sufficient to state a 1983 claim against Stiles and Ditmer under the "state-created danger" theory, first recognized by the Third Circuit in *Kneipp v. Tedder*, 95 F.3d 1199 (3d Cir. 1996).[4]

5.  The Motion is **GRANTED** as to the punitive damages claim. The punitive damages claim against Marple Township is dismissed **with prejudice**.[5] The claim against Defendants Lerro, Stiles, and Ditmer is dismissed **without prejudice,** subject to

---

[3] The Complaint alleges a "failure to train" theory of liability against these defendants, but failure to train is a theory of *municipal* liability under section 1983, not individual liability. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *see also Yoast v. Pottstown Borough*, 437 F. Supp. 3d 403, 430 (E.D. Pa. 2020) (noting that "a failure to train claim is properly brought against a municipality"), *aff'd*, No. 22-1960, 2023 WL 4418213 (3d Cir. July 10, 2023). Further, the alleged facts do not "allow[] the court to draw the reasonable inference that each defendant knew of and acquiesced to the alleged misconduct." *Crosland v. City of Phila.*, No. 22-2416, 2023 WL 3898855, at *10 (E.D. Pa. June 8, 2023) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Nor is *respondeat superior* liability available via section 1983. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[4] To state a claim under the state-created danger theory of liability, a plaintiff must plead four elements: "[1] foreseeable and fairly direct harm; [2] action marked by a degree of culpability that shocks the conscience; [3] a relationship with the state making the plaintiff a foreseeable victim, rather than a member of the public in general; and [4] an affirmative use of state authority in a way that created a danger, or made others more vulnerable than had the state not acted at all." *Johnson v. City of Phila.*, 975 F.3d 394, 400 (3d Cir. 2020) (citing *Sauers v. Borough of Nesquehoning*, 905 F.3d 711, 717 (3d Cir. 2018)). The defense does not contest that these elements have been pled against Lerro, and the allegedly similar conduct of Stiles and Ditmer can plausibly meet these elements as well.

[5] Punitive damages are not available against municipalities. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

reinstatement if discovery reveals facts sufficient to meet the demanding legal standard for a punitive damages claim.

6. The Motion is **GRANTED** as to the claim for injunctive relief.[6]

Accordingly, pursuant to this Order, the following Defendants remain as potentially liable parties in this case: (1) Marple Township; (2) David Lerro, in his personal capacity; (3) Raymond Stiles, in his personal capacity; (4) Morgan Ditmer, in her personal capacity; and (5) John and Jane Does, in their personal capacities.

/s/ Gerald Austin McHugh
United States District Judge

---

[6] As a result of Mr. Pearson's unfortunate death, his estate lacks standing to seek prospective injunctive relief under binding precedent. *See Brown v. Fauver*, 819 F.2d 395, 400 (3d Cir. 1987) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)) ("In order to obtain standing for prospective relief, the plaintiff must establish a real and immediate threat that he would again be the victim of the allegedly unconstitutional practice . . . . [P]ast exposure to unconstitutional state action . . . is not enough to secure standing to sue for prospective relief.").