IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VONDA PEARSON,** *as administratrix of* *the estate of Cornell D. Pearson*, | : : : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 23-4444 |
| | : | |
| **MARPLE TOWNSHIP, ET AL.** | : | |

### ORDER

This 12th day of April, 2024, for the reasons stated below, it is hereby **ORDERED** that Defendants' Motion for Judgment on the Pleadings, ECF 25, is **DENIED**.

This case asserts a "state-created danger" theory of liability. *Kneipp v. Tedder*, 95 F.3d 1199 (3d Cir. 1996). According to the Complaint, the Defendant police officers removed Cornell Pearson from a parking lot against his will, knowing that he was highly intoxicated, and left him at a bus stop along a busy road. ECF 1. Minutes later, Mr. Pearson stumbled into the road and was struck and killed by a passing vehicle. *Id.* The defense now contends that judgment must be entered for them because "no affirmative action of the police [was] the 'but for' cause" of Mr. Pearson's death. Defs.' Br. at 4. "Rather, the death was the result of subsequent action of a third party in striking Mr. Pearson as Pearson crossed a road." *Id.*

Defendants incorrectly presume there can be only one "but for" cause of an injury. "As both tort law and common sense tell us," however, "there may be multiple but-for causes of a single loss and each, as a but-for cause, may be responsible for the entire loss in the sense that had that party not acted as it did, there would have been no loss." *Loughman v. Consol-Pa. Coal Co.*, 6 F.3d 88, 106 (3d Cir. 1993). Although the defendant officers did not directly hit and kill Mr. Pearson, it remains plausible that, but for their alleged intervention, Mr. Pearson would have remained safe in the parking lot awaiting a ride home. *See Kaucher v. Cnty. of Bucks*, 455 F.3d

418, 432 (3d Cir. 2006) ("But for the intervention of the police, [the intoxicated plaintiff's] husband would have continued to escort her back to their apartment where she would have been safe.") (citing *Kneipp*, 95 F.3d at 1209); *see also Bright v. Westmoreland Cnty.*, 443 F.3d 276, 283 (3d Cir. 2006) (framing the question as "whether the state actors used their authority to create an opportunity that otherwise would not have existed for the *third party's* crime to occur.") (emphasis added & citation omitted).  The Complaint sufficiently alleges a "state-created danger" theory against the Defendants.

/s/ Gerald Austin McHugh
United States District Judge