IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VONDA PEARSON** | : | |
| *AS ADMINISTRATRIX OF THE* | : | |
| *ESTATE OF CORNELL D. PEARSON* | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 23-4444 |
| | : | |
| **MARPLE TOWNSHIP,** *ET AL*. | : | |

## ORDER

This 10th day of September, 2025, for the reasons that follow, it is hereby **ORDERED** that Plaintiff's Motion for Reconsideration, ECF 65, is **DENIED**.

The Third Circuit has plainly stated that "[t]he scope of a motion for reconsideration . . . is extremely limited," *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011), and its purpose "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a motion to alter or amend under Rule 59(e) "must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotation marks and brackets omitted).

Motions for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *see also Blystone*, 664 F.3d at 415 ("Such motions are not to be used as an opportunity to relitigate the case.").

Plaintiff solely argues that the Court's legal conclusions were erroneous. First, Plaintiff contends that the Court failed to consider whether Mr. Pearson consented to his transport. This is

not so, as the Court grappled with this very factual dispute and sided with Plaintiff, recognizing that Mr. Pearson likely did not realize that his transport was voluntary. *See Pearson v. Marple Twp*., No. 23-4444, 2025 WL 2423741, at *6 (E.D. Pa. Aug. 21, 2025) (explaining that "while Pearson solicited the courtesy transport and was technically free to go at any time, the record shows that Mr. Pearson did not share this perception of his freedom" and "[a]lthough Lerro tried to convey that the transportation was optional, Pearson, in his highly intoxicated state and in the presence of a uniformed officer called to investigate his own behavior, likely did not understand the voluntary nature of the transport."). The Court effectively accepted Plaintiff's facts as true but concluded as a matter of law that Plaintiff's lack of full consent was not dispositive.[1]

Plaintiff next argues that the Court erred in concluding that Officer Lerro's conduct does not shock the conscience. This represents an effort to relitigate issues already resolved. To the extent that Plaintiff identifies other affirmative steps that Officer Lerro could have taken, this argument implies a duty to act that could support a negligence claim but is inconsistent with the state-created danger theory Plaintiff has advanced.[2] As Plaintiff fails to meet the controlling legal standard, her motion must be denied.

  /s/ Gerald Austin McHugh
United States District Judge

---

[1] This issue was not specifically identified as disputed in the organization of the opinion because Defendants did not contest this issue to the same degree they did the issue of intoxication. But as noted above, Plaintiff's view of the record was accepted for purposes of analysis.

[2] Plaintiff also avers in passing that the Court erred in concluding that Plaintiff failed to establish *Monell* liability on a failure to train theory. In the absence of any supporting argument, there is no basis for reconsideration.